**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 5:18-CR-00912-S2** |
| | § | |
| **MOHAMAD MILON HOSSAIN,** | § | |
| AKA Milon Miah, | § | |
| AKA Milon Mia, | § | |
| AKA Milon, | § | |
| AKA Melon | § | |

**UNOPPOSED MOTION TO CERTIFY CASE AS COMPLEX**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America through its Assistant Attorney General for the Criminal Division of the Department of Justice, Brian A. Benczkowski, and the undersigned Trial Attorneys, and moves to certify the above-styled case as complex pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (B)(ii) or, alternatively, (iv). In support thereof, the United States would show the following:

1. During the course of an extended investigation, federal agents concluded that the Defendant and his co-conspirators brought at least fifteen aliens to the United States for financial gain from on or about March 2017 through on or about June 2019.

2. On July 30, 2019, a federal grand jury sitting in Laredo, Texas, returned an indictment against the Defendant charging one count of Conspiracy to Bring Aliens to the United States (8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & 1324(a)(1)(B)(i)), fifteen counts of Bringing an Alien to the United States and Aiding and Abetting (8 U.S.C. § 1324(a)(2)(B)(ii) & 18 U.S.C. § 2), and one count of Conspiracy to Encourage or Induce an Alien to Enter the United States (8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(B)(i), &

1324(a)(1)(B)(iii)). This indictment was superseded on October 8, 2019, to expand the dates of the conspiracy and add a co-defendant.

3. On August 31, 2019, the Defendant was arrested in Houston, Texas, and made an initial appearance there on September 3, 2019.

4. On October 3, 2019, the Defendant had his initial appearance in Laredo, Texas, and filed written waivers of arraignment and detention hearing.

5. A video recorded interview of the Defendant has been made available for discovery. The recording runs several hours and is in the process of being translated from Bangladeshi into English.

6. Due to the limited availability of Bangladeshi interpreters, it is estimated that the transcription of the video will not be completed until November 2019.

7. The Government's file contains dozens of Reports of Investigation ("ROIs"), and at least fifteen relevant Alien Files ("A-Files").

8. The government expects to call at least fifteen witnesses at trial who are aliens currently seeking asylum in the United States. These witnesses are located in multiple districts across the country, and will require significant coordination to transport and house in preparation for trial.

9. It is anticipated that the case may present novel questions of fact and/or law and it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by 18 U.S.C. § 3161.

10. The Speedy Trial Act generally requires that trial of a criminal matter commence within seventy days from the date on which an indictment is made public. 18 U.S.C. § 3161(c)(1). However, the Act contains a number of means by which the seventy day trial clock can be tolled.

18 U.S.C. § 3161(h). Specifically, the Act states inter alia:

> The following periods of delay shall be excluded in computing the time within which…the trial of any such offense shall commence….Any period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial…The factors, among others, which a judge shall consider in determining whether to grant a continuance…are…[w]hether the case is so unusual or complex, due to number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself with in the time limits established by this section.

18 U.S.C. § 3161(h)(7)(A), (B)(ii).

11. Due to the complications presented by the nature and format of the discovery, the location of the witnesses, and the overall scope of the case, the government respectfully submits that the ends of justice are best served by allowing all parties time beyond that normally allocated to prepare for trial by the Speedy Trial Act, which will allow all parties to evaluate the evidence, engage in necessary motion practice, and adequately prepare for trial.

WHEREFORE, the Government respectfully requests that the Court Certify the case as "complex" so that trial may occur beyond the seventy-day deadline imposed by the Speedy Trial Act. The United States proposes that a 90-day period for discovery would be appropriate, with a status conference within no more than 60 days from the granting of the Order.

Respectfully submitted,

BRIAN A. BENCZKOWSKI
ASSISTANT ATTORNEY GENERAL
U.S. Department of Justice, Criminal Division

By: /s/ Erin Cox
Erin Cox – IL Bar No. 6308801
James Hepburn – PA Bar No. 200051
Trial Attorneys
Human Rights and Special Prosecutions
U.S. Department of Justice, Criminal Division
1301 New York Ave. NW, 3rd Floor
Washington, D.C. 20530
202-598-2771
erin.cox@usdoj.gov

CERTIFICATE OF CONFERENCE

We conferred with counsel for Defendant on October 15, 2019, who advised that he is not opposed to this motion.

/s/ Erin Cox
James Hepburn
Erin Cox
Trial Attorneys

CERTIFICATE OF SERVICE

We hereby certify that October 17, 2019, a true and correct copy of the foregoing instrument was emailed to all counsel, and electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to all Counsel of Record.

/s/ Erin Cox
James Hepburn
Erin Cox
Trial Attorneys